No. 04-0606

 In re Silica Products Liability Litigation

 On Review By The Multidistrict Litigation Panel

 Heard on October 13, 2004

Dissenting opinion filed by Justice Kidd.

 The alignment of the parties in this MDL proceeding is so strikingly
unusual that it reminds me of the oft-quoted fictional newspaper headline,
(Man Bites Dog.( The MDL movants are a small group of collateral
defendants who are relative newcomers to silica litigation in Texas. In
opposition are the respondents, a surprising coalition led by major silica
defendants and joined by the unanimous support of the plaintiffs( bar.
This coalition contends that the movants have failed to meet their burden
of proof and that an MDL order of consolidation is unneeded and unwanted.
Because I agree that the movants have not carried their burden of proof and
that the MDL consolidation ordered by a majority of this panel is
inconvenient, inefficient, and unwise, I respectfully dissent.

 BACKGROUND
Burden of proof
 The Texas Constitution establishes the district court as the basic
trial court in this state. Tex. Const. art. V, (( 1, 7, 8. Our 422
district courts of general jurisdiction handle all of the pretrial
litigation matters from the simple to the complex. The design of this
system emphasizes the relationship between judges and their local
communities, and the accountability inherent in that arrangement. A
strength of this system is that a diverse group of judges across the state
bring their collective knowledge and experience to bear on a variety of
legal issues rather than leaving them all to a single judge. Within the
parameters of the civil justice system, courts may customize their rulings
to the particular circumstances of the parties in their communities.
 Because MDL consolidation of cases before a single judge is such a
drastic change from our conventional civil justice system, the Texas
Legislature and Texas Supreme Court have established an extremely onerous
burden of proof before MDL consolidation is authorized. The movant must
establish that the transfer will (1) be for the convenience of the parties
and witnesses, and (2) promote the just and efficient conduct of the
action. Tex. R. Jud. Admin. 13, reprinted in Tex. Gov(t Code Ann., tit. 2,
subtit. F app. (West Supp. 2004-05) ((Rule 13(). Legislative terms like
(convenience( and (efficient( are extremely high thresholds when one is
considering thousands of cases being assigned to a single judge who already
has a busy trial docket. The tragedy of this case is not that the movants
have wholly failed to meet their burden of proof, but that a majority of
this panel has tacitly conceded as much.
Silica litigation
 For over 80 years, an incredible number of silica injury cases have
been disposed of by the Texas courts. U.S. Silica, which has been the
major silica supplier and defendant in these cases, opposes MDL
consolidation. In its brief and at oral argument, counsel for U.S. Silica
described a highly successful method of handling pretrial issues by
agreement that rivals any mass-tort system in the country:
 As a practical matter, Texas courts are handling the current silica
 caseload efficiently. Historically, no Plaintiff, Defendant, or Court
 has sought a state court silica MDL in Texas, despite the existence of
 the procedure in one form or another since 1997, when Tex. R. Jud.
 Admin.11 was promulgated. Nor are class actions, consolidations, or
 other traditional means of grouping cases sought on a routine basis
 for silica cases. Still, most silica cases are resolved in two to
 three years or less with relatively very little use of the courts(
 time and resources. Parties invariably agree to use of Master
 Discovery requests. This Master Discovery is, by and large, handled
 without court intervention. Depositions are taken on a regular
 schedule through the cooperation of opposing counsel, mostly without
 incident. In fact, there are very few trials, and most cases are
 resolved either through mediation or settlement discussions, often
 without the court having to order mediation.

 Now, six Defendants (the Movants)(without consulting their fellow
 Defendants(seek to change entirely the handling of all silica pre-
 trial matters. The Motion does not meet Rule 13(s bare minimum
 requirements. Movants do not offer an adequate, thorough, or reasoned
 explanation of existing problems that the transfer would resolve, nor
 do they explain how exactly the transfer would help. Specifically,
 Movants make no showing of duplicative discovery, inconsistent
 rulings, or pretrial mismanagement that could be avoided or lessened
 by the transfer and consolidation they now pursue. Absent a much more
 compelling, complete, and reasoned explanation that demonstrates a
 need for change and explains how the change would help, this Panel
 must deny the revolutionary changes Movants seek. Movants have not
 offered sufficient justification to change from the known current,
 efficient way of handling cases, to an unknown and untested mechanism
 that may create new problems without offering better resolution to any
 old ones. In short, U.S. Silica Company and Unimin Corporation would
 urge the Panel to follow a well-known colloquial phrase: If it ain(t
 broke, don(t fix it.

This system is as close to a perfect litigant-driven system as can be
found. The panel majority concedes this fact. The majority can point to
no significant instances where inconsistent rulings have occurred or
discovery abuse has taken place.

 DISCUSSION
 Rule 13 permits us to transfer these cases if we find that (related
cases involve one or more common questions of fact, and that transfer to a
specified district court will be for the convenience of the parties and
witnesses and will promote the just and efficient conduct of the related
cases.( Rule 13(l). Not only have the movants failed to demonstrate any
of these elements, the record indicates to me that transfer will have a
detrimental effect on silica litigation and will unnecessarily alter the
civil justice system for silica cases in Texas.
1. Inconvenience of parties and witnesses
 Experienced trial attorneys will confirm that pretrial matters are
most conveniently handled in the local community and court where the case
is filed. The panel majority lists some ten categories of potential
pretrial matters that might come before the MDL court including matters
like discovery, venue and Robinson/Havner challenges. Many of these issues
might require individual hearings in individual cases. It is difficult for
me to imagine that a party or witness in El Paso, Texarkana, or Brownsville
would find it (convenient( to travel to Houston for every pretrial hearing
to be held in their case. More importantly, the movants have made no
showing of inconvenience in this MDL proceeding. The majority concedes
that movants have not shown that a single party or witness has yet been
inconvenienced. And yet, the majority grants the motion based in part on
the assertion that (it is undeniable that it is more convenient for
witnesses and parties who find themselves involved in several cases to be
subject to one court instead of several.( While this is strong rhetoric, I
question the soundness of the reasoning. Except for those parties and
witnesses living in the city of the MDL court, the parties will have to
travel across the state to attend every single pretrial hearing. I would
submit that a party traveling halfway across the state to attend a routine
pretrial hearing would be little comforted by the (convenience( of arguing
their motion before a Houston judge as opposed to one in their own local
community.
 As for the convenience of having only one set of orders, the silica-
litigation parties up to this point have collegially conducted their
litigation by using the standardized and uniform Texas Rules of Civil
Procedure coupled with a body of formal and informal agreements. The
movants have not brought forth a single instance in which they have been
prejudiced by inconsistent rulings or the absence of uniform pretrial
orders. But rather than place the burden of proof on the movants where it
belongs, the majority speculates that the silica litigants will find it
(convenient( to have only one set of pretrial orders. Of course, that
presupposes that the MDL court will impose the same set of orders in every
case(a supposition not supported by the record.
2. Unjust and inefficient handling of cases
 One of the most oft-quoted phrases regarding efficiency and justice in
the civil justice system is (justice delayed is justice denied.( Today, a
panel majority orders the transfer of 71 cases to a single statewide
pretrial judge. Soon, that number may swell to thousands; indeed, one of
the parties to this MDL proceeding indicated that 25,000 silica cases were
filed nationwide in the year 2003 alone. The majority seems to think that
these cases can be more efficiently handled by one judge as opposed to
spreading the workload among the 422 district courts across the state.
This viewpoint, in my opinion, defies common sense. To provide a rough
analogy, the civil justice system is like a tollway with 422 district
judges manning individual toll booths. To eliminate all the toll booths
save one will, in my opinion, seriously impede the flow of litigation
traffic. The majority(s view of efficiency is troubling, to say the least.
 I am equally troubled by the statement made by the majority: (Nor can we
ignore what we as judges know from experience(that it is difficult for
dedicated but busy trial judges to consistently give cases like these the
deliberate, thoughtful, and focused pretrial treatment they deserve.(
While I wholeheartedly agree that, with the legislative budget cuts and the
virtual elimination of the visiting judge program, our active district
courts are stretched to the breaking point, it is curious that a majority
of this panel would transfer the entire silica-litigation docket, present
and future, to an active sitting judge in Harris County who, I am sure, has
little spare time on her hands. Further, I believe that the majority is
unrealistic to assert that a statewide MDL judge will be able to give these
71 silica cases more attention than 55 district judges could give them in
their local courtrooms.
 By contrast, everything in this record, which the majority concedes,
establishes that over the last 80 years, silica cases have been handled by
agreement and have not required numerous and extensive pretrial hearings.
Counsel for U.S. Silica, who has been handling its docket for over a
decade, could count the number of hearings and trials on the fingers of two
hands. And what justification are we given for abandoning such an
incredibly efficient civil justice system? We are told that one group of
six defendants has the right to have their complaints decided by a court
rather than settled by agreement with plaintiffs( and their fellow defense
counsel. Fair enough. But why should six defendants be allowed, not only
to destroy a longstanding collegial system of dispute resolution, but to
force 605 other parties to forfeit their right to be heard by a judge in
the community where the action arose? We are not told by the majority.
3. Lack of common questions of fact
 While conceding that (each personal injury case is indeed different(
the majority opinion describes issues of law, not fact, to justify transfer
such as (discovery, venue and forum non conveniens, the (sophisticated
user( doctrine, Robinson and Havner challenges to expert testimony, the
sufficiency of warnings, and other issues concerning common worksites,
product identification, and the validity of the diagnosis and screening
process.( Although I am sure that common questions of fact do exist within
the 71 transfer cases, the majority cannot point to a single piece of
evidence in this record to establish the common questions of fact. This
record is completely devoid of any proof to that effect. On the other
hand, although not their burden, the respondents have provided evidence
that silica cases are highly individualized, and, although grouped at
common worksites, even those individual cases will be widely divergent on
issues like product identification and causation. Surely, the movants must
do more than simply state that silicosis is a similar disease of the lung
and therefore all silica cases are similar. The MDL Statute and Rule 13
are clear. Common questions of fact are required to be proved.

 CONCLUSION
 Litigants should be required to handle their cases under the
traditional civil justice system pursuant to the Texas Constitution and
statutes. MDL consolidation is an extraordinary remedy that should only be
considered where the burden of proof has been met. The record in silica
cases demonstrates an incredibly efficient and convenient system in which
collegial agreements complement the civil justice system. Today, a
majority of this panel allows a small group of defendants to alter the
civil justice system without holding them to their burden of proof.
Because I believe that the overwhelming weight of the evidence provided by
the respondents, made up of defense and plaintiffs( counsel alike,
establishes that transfer to a single statewide MDL judge is inconvenient,
unjust, inefficient, and unneeded, I respectfully dissent.

 Mack
Kidd, Justice

OPINION DELIVERED: November 10, 2004